DEMOND CHATMAN *vs.* COMMONWEALTH. March 23, 2004. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Demond Chatman appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. The single justice was correct to deny the requested relief because, as we explain below, the relief sought was unnecessary.

Chatman was convicted of murder in the first degree and his direct appeal is pending before this court. His appeal has been stayed while he investigates possible grounds for filing a motion for a new trial. Toward that end, Chatman filed in the Superior Court a motion for funds to retain a psychologist, under Mass. R. Crim. P. 30 (c) (5), as appearing in 435 Mass. 1501 (2001), to determine whether Chatman's trial counsel may have been ineffective in failing to pursue a so-called diminished capacity defense. Chatman filed certain affidavits in support of his motion, but he did not file an affidavit from his trial counsel. A judge in the Superior Court denied the motion without prejudice to Chatman's refiling it with an affidavit from trial counsel.

Apparently laboring under the mistaken belief that the motion judge had not ruled on his motion for funds, but instead had ordered him to submit an affidavit from trial counsel before she would rule, Chatman requested, under G. L. c. 211, § 3, that the single justice order the motion judge to rule on his motion without the submission of counsel's affidavit. The single justice denied the petition after a hearing.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). In his rule 2:21 memorandum, Chatman emphasizes that, in his G. L. c. 211, § 3, petition, he "did not ask the single justice to allow the motion for funds; [he] merely requested that the trial judge be ordered to decide the motion without requiring the defendant to" submit an affidavit from trial counsel. Yet the motion judge had in fact already ruled on Chatman's motion — indeed, without an affidavit from trial counsel. In these circumstances, the single justice was correct to deny the requested relief because it was unnecessary.

*Judgment affirmed.*

*Edward L. Hayden,* for the plaintiff, submitted a brief.